```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
BRIGHT FUTURE FOR THE CHILDREN,                                  :
                                                                 :
                                Plaintiff,                       :       1:25-cv-2295-GHW
                                                                 :
                -v -                                             :            ORDER
                                                                 :
PUBLIC CONSULTING GROUP,                                         :
                                                                 :
                                Defendant.                       :
                                                                 :
---------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/2025

GREGORY H. WOODS, United States District Judge:

Plaintiff commenced this action on March 20, 2025, alleging, among other things, that Defendant owes it fees pursuant to an agreement. Dkt. No. 1 ¶¶ 17–29 ("Complaint"). The Complaint alleges, without elaboration, that venue is proper in this district "because the claim arose in the Southern District of New York." *Id.* ¶ 7.

The only in-state location identified in the Complaint is in Brooklyn, New York. That location is 119 Schenectady Avenue, Brooklyn, New York, Plaintiff's principal place of business. *Id.* ¶ 8. Defendant's principal place of business is allegedly in Boston, Massachusetts. *Id.* ¶ 9. Neither party is alleged to have taken any relevant actions in New York outside of Brooklyn. *See id.* ¶¶ 11–16.

Brooklyn is coextensive with Kings County, which lies in the Eastern District of New York. 28 U.S.C. § 112(c) ("The Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk . . . ."). Accordingly, on March 21, 2025, the Court issued an order to show cause as to why this case should not be transferred to the Eastern District of New York. Dkt. No. 2. The order gave Plaintiff until March 28, 2025 to show cause as to why this case should not be transferred to the Eastern District, or, alternatively, to consent to transfer. *Id.*; 28 U.S.C. § 1406(a).

On March 26, 2025, Plaintiff filed a letter consenting to the transfer of this case to the Eastern District of New York. Dkt. No. 6. Because Plaintiff consents to the transfer, because venue does not lie in this district, and because the interest of justice weighs in favor of transferring this case to the district that encompasses the proper venue, this case is hereby transferred pursuant to 28 U.S.C. § 1406(a) to the Eastern District of New York.

The Clerk of Court is directed to transfer this case to the Eastern District of New York without delay. Plaintiff is directed to serve a copy of this order on Defendants and to retain proof of service.

SO ORDERED.

Dated: March 26, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge